UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4681

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERMAN TERRELL GOVAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cr-00007-GMG-RWT-1)

Submitted:  April 25, 2022                          Decided:  May 12, 2022

Before NIEMEYER and MOTZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2019, Herman Terrell Govan pled guilty to distribution of an unspecified quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). At his sentencing later that year, the district court overruled Govan's objections and designated Govan a career offender. This designation hinged, in relevant part, on the court's finding that Govan's 2014 West Virginia conviction for delivery of heroin,[1] which yielded a sentence of 1-15 years in state prison, qualified as a "controlled substance offense" under U.S. Sentencing Guidelines Manual § 4B1.2(b) & cmt. n.1 (2018). Govan appeals, challenging the propriety of designating this conviction as a predicate "controlled substance offense." In light of our recent ruling in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), we vacate Govan's sentence and remand for resentencing.[2]

We review de novo a district court's determination of whether a defendant's prior conviction qualifies as a career offender predicate. *Campbell*, 22 F.4th at 441. In *Campbell*, we considered the precise argument advanced by Govan here. The *Campbell* court, observing that the relevant question was "whether USSG § 4B1.2(b)'s definition of 'controlled substance offense' includes an attempt to deliver a controlled substance," *id*. at 442, held that it does not, *id*. at 443-47. Critical to this conclusion is that the text of USSG

---

[1] While Govan's presentence report did not identify the statutory provision under which this conviction arose, it is clear from the filings in this court that the state statute at issue is W. Va. Code § 60A-4-401(a). (*See* Appellant's Br. (ECF No. 12) at 14). The terms "deliver" and "delivery" as used in this section are defined in W. Va. Code § 60A-1-101(h).

[2] Resolution of this appeal was deferred pending this court's decisions in *Campbell* and *United States v. Moses*, 23 F.4th 347 (4th Cir. 2022).

§ 4B1.2(b) does not define "controlled substance offense" to include attempt offenses, while Application Note 1 to USSG § 4B1.2 does. *Id*. at 442, 444. Relying in part on *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc), we ruled that the commentary's expanded definition is plainly inconsistent with the Guidelines' unambiguous text and, thus, not entitled to deference, *Campbell*, 22 F.4th at 444-47. Because Campbell's prior conviction under W. Va. Code § 60A-4-401(a) did not qualify as a "controlled substance offense" so to support his career offender designation, we vacated the judgment and remanded for resentencing. *Id*. at 449.

In light of *Campbell*, which was decided after Govan's sentencing, it is likewise clear here that Govan's conviction under W. Va. Code § 60A-4-401(a) does not qualify as a predicate "controlled substance offense" under USSG § 4B1.2(b). As such and consistent with *Campbell*, we vacate Govan's sentence and remand for resentencing. We deny as moot Govan's motion to expedite consideration of his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*